# EXHIBIT B

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC

| | | |
|---|---|---|
| GARY MILO and PHYLISS MILO, Plaintiffs, | : | |
| vs. | : | C.A. No. PC2016-0865 |
| 3M COMPANY et al Defendants. | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF DEFENDANT, JOHNSON & JOHNSON, TO PLAINTIFF'S COMPLAINT**

Defendant Johnson & Johnson (hereinafter referred to as "Defendant") hereby answers the Complaint as follow:

1. Defendant denies any knowledge or information, except as may hereinafter be specifically admitted, sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of Plaintiff's Complaint, but to the extent an answer may be required, the averments are denied.

2. Defendant denies the allegations contained in Paragraph 2.

**FIRST COUNT**
**(Failure to Warn)**

3. Defendant hereby incorporates its answers to Paragraphs 1 through 2 as though the same were fully set forth herein at length.

4-27. Defendant denies the allegations contained in Paragraphs 4 through 27.

WHEREFORE, Defendant demands judgment in its favor plus costs.

**SECOND COUNT**
**(Negligence)**

28. Defendant hereby incorporates its answers to Paragraphs 1 through 27 as though the same were fully set forth herein at length.

29-32. Defendant denies the allegations contained in Paragraphs 29 through 32.

WHEREFORE, Defendant demands judgment in its favor plus costs.

**THIRD COUNT**
**(Strict Product Liability)**

33. Defendant hereby incorporates its answers to Paragraphs 1 through 32 as though the same were fully set forth herein at length.

34. Defendant denies the allegations contained in Paragraph 34.

WHEREFORE, Defendant demands judgment in its favor plus costs.

**FOURTH COUNT**
**(Breach of Warranty)**

35. Defendant hereby incorporates its answers to Paragraphs 1 through 34 as though the same were fully set forth herein at length.

36-39. Defendant denies the allegations contained in Paragraphs 36 through 39.

WHEREFORE, Defendant demands judgment in its favor plus costs.

**FIFTH COUNT**
**(Conspiracy)**

40. The allegations contained in Paragraph 40 are directed to defendants other than Defendant and therefore no response is required, but if any of these allegations are construed to apply to Defendant, the same are deemed denied.

41. Defendant hereby incorporates its answers to Paragraphs 1 through 40 as though the same were fully set forth herein at length.

42-44. The allegations contained in Paragraphs 41 through 44 are directed to defendants other than Defendant and therefore no response is required, but if any of these allegations are construed to apply to Defendant, the same are deemed denied.

45-46. Defendant denies the allegations contained in Paragraphs 45 through 46.

WHEREFORE, Defendant demands judgment in its favor plus costs.

**SIXTH COUNT**
**(Loss of Consortium)**

47. Defendant hereby incorporates its answers to Paragraphs 1 through 46 as though the same were fully set forth herein at length.

48. Defendant denies the allegations contained in Paragraph 48.

**AFFIRMATIVE DEFENSES**

Defendant has not had an opportunity to conduct a sufficient inquiry of the facts underlying this lawsuit. Based on its knowledge, information and belief formed after discovery in similar asbestos lawsuits, Defendant interposes the following defenses, some of which may be ultimately supported by the facts to be revealed in discovery and investigation in this case. After having completed discovery in this case, Defendant will voluntarily withdraw those of the following affirmative defenses that are unsupported by the facts revealed in pre-trial discovery and investigation. Additionally, Defendant will rely upon all defenses lawfully available to it at the time of trial and reserves the right to amend its answer as necessary. On the basis of the above, and for further answer by way of affirmative defenses, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

If it is judicially determined that Defendant was negligent as alleged, which is specifically denied, then the Plaintiff was guilty of negligence which bars or limits Plaintiffs' claims for recovery.

## SECOND AFFIRMATIVE DEFENSE

If it is judicially determined that Plaintiff was injured or damaged as alleged, which is specifically denied, then the Plaintiff assumed the risk of any injuries or damages alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

One or more or all of the claims made by the Plaintiffs are barred by the applicable statutes of limitation, statutes of repose, or by the doctrines of laches or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

If it is judicially determined that Plaintiff was exposed to a product of Defendant as alleged, which is specifically denied, then the Plaintiff or other persons altered the product, improperly used or misused the product or improperly maintained the product of Defendant in a manner which was unintended and unanticipated.

## FIFTH AFFIRMATIVE DEFENSE

If it is judicially determined that Defendant was negligent or breached a duty as alleged, which is specifically denied, then such negligence or breach of duty was not a proximate cause of the injuries and damages claimed.

## SIXTH AFFIRMATIVE DEFENSE

If it is judicially determined that the occurrences and damages alleged in the Complaint were caused by the negligence, breach of duty, or acts or omissions of other parties or persons not party to this action, then the occurrences and damages were caused by parties and persons over whom Defendant had no control or right of control and for whom Defendant is not responsible in law.

**SEVENTH AFFIRMATIVE DEFENSE**

If it is judicially determined that Plaintiff sustained injuries and damages as alleged in the Complaint, which is specifically denied, then the injuries or damages were proximately caused by the intervening and superseding acts of other parties or third persons over whom Defendant had no control, or right of control, and for whose actions Defendant is not responsible in law.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted as against Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Based on the circumstances and facts alleged, venue is not proper herein.

**TENTH AFFIRMATIVE DEFENSE**

If it is judicially determined that Plaintiff was exposed to a defective product, which is specifically denied, then the actions of Plaintiff when compared to the acts of Defendant bars or reduces Plaintiffs' claims against Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

If it is judicially determined that Plaintiff incurred any injuries and damages as alleged in the Complaint, which is specifically denied, then the extent of such injuries and damages which may be attributable to any act or omission or any product of Defendant was and is *de minimis* and not a substantial factor.

**TWELFTH AFFIRMATIVE DEFENSE**

An award of punitive damages against Defendant would violate the Constitution of the United States including, but not limited to, the due process and equal protection clauses of the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, and the "double

jeopardy" clause of the Fifth Amendment as applied to the states through the Fourteenth Amendment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

An award of punitive damages against Defendant would violate Article 1, Section 2, and Article 1, Section 8 of the Constitution of the State of Rhode Island.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If it is judicially determined that Defendant's product was present in Plaintiff's workplace, which is specifically denied, then Defendant's product was supplied to a learned intermediary which was sophisticated in the use of the product.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of forum non-conveniens.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant is not guilty of negligence.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant owed no duty to Plaintiff, and if Defendant owed any duty, which is specifically denied, Defendant did not breach any duty.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred or limited by comparative or contributory negligence.

**NINETEENTH AFFIRMATIVE DEFENSE**

The alleged incident was caused by conditions over which Defendant had no control.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant at all times acted in good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto, the knowledge of Plaintiff's employer(s) was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment, and, therefore, if there was any duty to warn Plaintiff or provide protection to her, which is specifically denied, it was the duty of said employer(s), not of Defendant, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff and his employer(s) were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This Defendant did not violate any duty or rule imposed by reason of the principle of strict liability in tort.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred or limited by application of worker's compensation law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

With respect to the Plaintiffs' claims for alleged breaches of warranties, Defendant avers that such claims are barred by reason of lack of privity.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant has no knowledge or means of ascertaining the truth or falsity of the averments contained in the Complaint respecting the nature and extent of the injuries, damages, and losses claims to have been sustained by the Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant avers that if Plaintiff has settled with and/or released other defendants or entities who are tortfeasors, Defendant is entitled to a reduction of any judgment, either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over each and every Count contained in Plaintiffs' Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendant with respect to each and every Count contained in Plaintiffs' Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

The injuries complained of by the Plaintiff are wholly or partially caused by independent means, including inter alia, the conduct and habits of Plaintiff and exposure to other particulates in the environment.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

There was no privity of contract between Defendant and Plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

An action for breach of warranty was not available to Plaintiff during the period of the allegedly injurious exposure to, use of, or contact with products allegedly manufactured by Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred for failure of the Plaintiff to give notice to Defendant of any alleged breach.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

No warranty of any kind was extended to Plaintiff in this matter.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

If Plaintiffs establish any exposure to Defendant's products, which is specifically denied, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that Defendant's products caused Plaintiff's claimed injuries.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

If it is proven at trial that products of Defendant were furnished as alleged to Plaintiff's employer and said products were used in the fashion alleged, which is specifically denied, then any product manufactured or processed by the Defendant which was or may have been so furnished and which was so used, was furnished in strict conformity to the conditions specified or to the specifications issued by or under the direction of said employers.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

While it is denied that Defendant supplied any material with which Plaintiff had any contact, if it is proven to the contrary, it is Defendant's position that all such material was manufactured, supplied and delivered in accordance with government specifications and/or at the direction of a governmental officer.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant avers that the state of the medical and scientific knowledge regarding asbestos-containing products and/or their contents, at all times material hereto, was such that the

Defendant never knew nor could have known that its product presented any risk or harm to the Plaintiff if such product were properly used.

**JURY DEMAND**

Defendant demands a trial by jury.

**CROSS-CLAIM AND ANSWER TO CROSS-CLAIM**

Pursuant to this Court's December 3, 1996 Order, and any other applicable Orders, Defendant hereby adopts the Model Cross-Claim of Defendants/Cross-Claim Plaintiffs against all Defendants and Third-Party Defendants. Defendant hereby also adopts the Model Answer of All Defendants and Third-Party Defendants to Cross-Claims of Defendants/Cross-Claim Plaintiffs.

WHEREFORE, Defendant demands judgment against Defendants and Third-party Defendants for all damages proved at trial, including compensatory damages, plus attorneys' fees, interest and costs, and such other relief as the Court deems just and proper.

**JURY DEMAND**

Defendant, Johnson & Johnson demands a trial by jury on the claims asserted by it in the Model Cross-Claim and on any claims asserted against it by Defendants/Cross-Claim Plaintiffs.

Defendant,
JOHNSON & JOHNSON
By its Attorneys,

/s/ Mark O. Denehy
Mark O. Denehy (#3492)
R. Bart Totten (#5095)
James R. Oswald (#5727)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

Dated: May 17, 2016

## CERTIFICATE OF SERVICE

I hereby certify that, on May 17, 2016:

☒ I electronically filed and served this document through the electronic filing system on the following parties:

John E. Deaton, Esquire
The Deaton Law Firm, LLC
450 North Broadway
East Providence, RI 02914

and all counsel of record via LexisNexis File & Serve

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name and address are:

/s/ Mark O. Denehy